# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KATHERINE MARY TROTTIER,<br><br>            Plaintiff(s),<br><br>v.<br><br>GORDON KNAPP, et al.,<br><br>            Defendant(s). | Case No. 2:21-cv-00822-JAD-NJK<br><br>**TRANSFER ORDER** |

This is one of 140 cases initiated by Hank Falstad, who identifies himself as an ADA architect. In its order dated May 7, 2021, the Court required Plaintiff to take action should Plaintiff wish to continue with the ligation. Docket No. 3. In particular, Plaintiff was required to file an amended complaint properly signed either by Plaintiff or by a licensed attorney. In addition, Plaintiff was required to either pay the filing fee or file an application to proceed *in forma pauperis*. Although Plaintiff did not file a properly signed complaint, she has filed an application to proceed *in forma pauperis*. Docket No. 6. Hence, it at least appears that Plaintiff intends to proceed with her case.[1]

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. §

---

[1] Of the plaintiffs in the 140 cases filed by Mr. Falstad, only Ms. Trottier has expressed any desire to proceed.

1

1391(b); *see also Dyson v. Liggan*, 2011 WL 347700, at *1 (N.D. Fla. July 11, 2011) (applying § 1391(b) to ADA claim), *adopted*, 2011 WL 3476995 (N.D. Fla. Aug. 9, 2011).  If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought.  28 U.S.C. § 1406(a); *see also Parks v. Johnson*, 2016 U.S. Dist. Lexis. 16284, *1 (D. Nev. Feb. 9, 2016).

The record shows that Nevada is not a proper venue.  First, not all Defendants reside in Nevada.  For example, Defendant Ihrek is identified as the manager of a Firestone location in Minnesota.  *See* Docket No. 1-1 at 1.  Second, the record includes no connection to this District with respect to the events or omissions (or property) at issue in the case.  Instead, it is Minnesota that appears to be the only District connected to the allegations made.  *See id.* at 6-7.  Hence, none of the above venue provisions renders this District a proper venue for this case.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the District of Minnesota and that this case be closed.[2]  This Court expresses no opinion as to whether or how the case should proceed with respect to the failure to sign the complaint, the pending application to proceed *in forma pauperis*, or otherwise.

IT IS SO ORDERED.

Dated: August 3, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] An order transferring venue does not address the merits of the case and, therefore, is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).  *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a nondispositive matter).